2428

Nandalyn HEAITLEY, Respondent v. BRITTINGHAM, DIAL & JEFFCOAT, Appellant.

(465 S.E. (2d) 763)

Court of Appeals

*Franklin G. Shuler, Jr.* and *Danny C. Crowe,* both of *Turner, Padget, Graham & Laney,* of Columbia, *for appellant.*

*Charles R. Norris,* of *Nelson, Mullins, Riley & Scarborough,* of Charleston, *for respondent.*

Heard Nov. 8, 1995.

Decided Dec. 11, 1995; Reh. Den. Jan. 25, 1996.

CONNOR, Judge:

Brittingham, Dial & Jeffcoat appeals an order granting partial summary judgment to Nandalyn Heaitley on certain of its defenses, as well as the denial of its motions to transfer the

case to the nonjury roster and to strike punitive damages. We affirm.

## BACKGROUND

This case has an involved procedural history. Nandalyn Heaitley is the widow of William Heaitley, a former partner in Brittingham, a partnership of certified public accountants. In June 1993, Heaitley filed a civil action asserting Brittingham accepted checks for payment for life insurance premiums from her husband after he left the partnership, even though it had deleted him from the policy without notice.

Brittingham removed the case to federal court, alleging Heaitley's common law claims were preempted by the Employee Retirement Income Security Act (ERISA). Heaitley moved to remand the case to state court, arguing ERISA was inapplicable. Brittingham then moved for summary judgment, contending Heaitley had no claim under ERISA itself, even though her claims were preempted by ERISA. Thereafter, the district judge concluded the action was not preempted by ERISA and remanded it to state court. Brittingham filed a petition for a writ of mandamus with the Fourth Circuit Court of Appeals, seeking to have the district court's order vacated. The Fourth Circuit summarily denied the writ.

After the case was remanded to the circuit court in Richland County, the trial court there granted Brittingham's motion to change venue to Lexington County. Heaitley then filed a motion for partial summary judgment on Brittingham's defenses which alleged her claims were preempted by ERISA, while Brittingham moved to strike Heaitley's request for a jury trial and to strike punitive damages.

The trial judge denied Brittingham's motions, but granted Heaitley's motion for partial summary judgment, concluding Heaitley's claims were "at most, only indirectly related to an employee welfare benefit plan" in that they did not seek recovery of benefits under a plan, nor did they allege Brittingham orally modified or violated the terms of a plan. Rather, he reasoned, the lawsuit was necessary because there was no coverage available under the plan. Moreover, the fact the amount of damages sought might be measured by the amount of coverage under the plan did not establish a sufficient nexus with the plan to justify ERISA preemption.

## ISSUE

Brittingham contends the court erred in granting Heaitley's motion for partial summary judgment because the evidence establishes her state law claims "relate to" an ERISA plan and therefore ERISA preempts them. Correspondingly, Brittingham argues Heaitley has no right to a jury trial or the recovery of punitive damages if the state law claims are preempted by ERISA.

## DISCUSSION

Heaitley alleges the following: Her husband, William Heaitley, obtained $200,000 in life insurance under a group plan while he was employed at Brittingham. When he left the accounting firm in December 1989, he had the right to convert the group coverage to individual coverage within thirty days. He took no action to convert to an individual policy because he believed he continued to be covered under the previous plan. Moreover, he received a memo from a member of the partnership in June 1991 stating that his insurance was current. Likewise, Brittingham never informed either of the Heaitleys that the coverage had been cancelled. Furthermore, Brittingham negotiated six checks Heaitley wrote for premiums. After her husband's death in March 1992, Heaitley learned for the first time he had no coverage.

A state law claim "relates to" an employee benefit plan if it has a connection with or reference to the plan. *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 97, 103 S.Ct. 2890, 2900, 77 L.Ed. (2d) 490 (1983). However, those state actions which affect employee benefit plans in "too tenuous, remote, or peripheral a manner" do not relate to the plan. *Id.* at 100, n. 21, 103 S.Ct. at 2901, n. 21; *District of Columbia v. Greater Washington Board of Trade*, 506 U.S. 125, 113 S.Ct. 580, 121 L.Ed. (2d) 513 (1992).

Heaitley's allegations here relate only indirectly to an ERISA plan and can be adjudicated without reference to it. As a matter of fact, the alleged wrongdoing involves acts which occurred after her husband no longer had any interest in or rights under the plan.[1] She is not seeking to recover ben-

---

[1] We note Brittingham filed answers to interrogatories in federal court which stated William Heaitley's life insurance under the group policy automatically terminated on the date his active service with the firm ended on December 19, 1989.

efits under the policy. Rather she seeks damages for misrepresentation of coverage.

The decision of the circuit court is, therefore,

Affirmed.

SHAW and HEARN, JJ., concur.